Opinion of the Court, by
Judge Clark.
William Ford in his lifetime, executed his bond to Isham Hamilton, for the conveyance of 46 acres of land, that part of Solomon Lawrence’s preemption, claimed by him on the north side of the Rolling Fork. Ford having failed to make a conveyance agreeable to his bond, Hamilton prosecuted a suit thereon against Daniel M’Ilvoy, his executor, and recovered a judgment for the damages he had sustained. To obtain relief from this judgment, M’Ilvoy filed his bill in chancery, making Isham Hamilton, Solomon Lawrence, John, Robert and George Grundy, and the heirs of James Wilson defendants; in which he alleges that his testator, William Ford, had purchased of James Wilson, who had purchased of Solomon Lawrence, a tract of land on the Rolling Fork: That his testator sold to John Grundy so much of the tract as lay on the south side; and to Hamilton that part which lay on the north side; and executed to him the bond on which the judgment had been recovered: That his testator in his lifetime, had in pursuance, and in discharge of his contracts said, caused Wilson and Lawrence to convey to Robert and George Grundy, to whom John Grundy bad assigned *130 his bond, and to Isham Hamilton their respective quantities, but had omitted to have the deeds recorded within the time prescribed by law: That upon the execution of these deeds, he had surrendered to them the bond he held for a conveyance, and upon the of his testator, the deeds above mentioned fell into his hands, and were obtained from him and delivered up to Wilson, by the fraud of said Wilson and the Grundys, who at the same time acted as the agents of Hamilton: That they agreed to accept deeds from Wilson, and release him, and the estate of his testator from any liability in consequence of the conveyances not having been executed in due time: And that John Grundy had fraudulently obtained from Lawrence a conveyance for the 46 acres sold to Hamilton: In consequence of which, Hamilton had agreed to take the land of Grundy, and transfer to him the benefit of the judgment thus obtained. The answer of Hamilton denies that a conveyance had been made or tendered to him, or that he ever made any contract with John Grundy for the 46 acres of land. It likewise denies that the judgment, or any part of it, was for the benefit of Grundy. The answers of the other defendants deny the fraud charged against them in procuring the evidences of Ford’s title. John Grundy admits he had obtained from Lawrence a conveyance for the 46 acres; but that he was a purchaser for a valuable consideration, and denies that Lawrence had ever previously sold the same to either Wilson or Ford. The circuit court decreed a perpetual injunction as to the judgment at law, and that John Grundy should convey the 46 acres of land to Hamilton; from which judgment they have appealed to this court.
The only material question which seems to be presented for our consideration in the decision of this cause, is, had Ford’s executor a right to insist on Hamilton’s accepting a conveyance for the 46 acres of land sold him by his testator, in discharge of the damages recovered in the action at law? The failure in Ford to convey agreeably to the terms of his agreement, was an injury of that description for which Hamilton had a right to resort to a court of law for damages, or to a court of chancery for a specific execution of his contract. Having made his election, to have what damages he had sustained, in lieu of the specific thing; he *131 cannot be prevented, but by the executors shewing that his testator had done every thing on his part, which in reason and justice could be required of him. For if he had been in default, it would be unreasonable to require the other party to relinquish what he had recovered; when, on the other hand, if he had in part performed his covenant, and had not been in fault as to the residue, it would be equally unreasonable that he should be prevented. That Ford in this instance had been in fault, is not to be denied. And it is equally true, that the complainant was not ready to perform when he filed his bill. He does not pretend, he had obtained the legal title; but that by virtue of an agreement between Hamilton and John Grundy, Grundy had procured it from Lawrence for Hamilton’s benefit, and that the judgment which had been recovered against him, was for the benefit of Grundy. If this was warranted by the testimony, the circuit court did right in decreeing a perpetual injunction. But from a minute examination, we think it does not warrant such a conclusion. It appears, Grundy had notice of Hamilton’s purchase from Ford, but does not justify the idea that Hamilton had contracted with him for it. There had unquestionably been a breach of the contract, by the testator of the complainant in his lifetime; he could only be relieved in chancery by shewing it did not proceed from any neglect on his part, and that he was then ready to perform. For a complainant in equity, if he has not performed his part of the agreement, must not only shew that he was in no default in not having performed it, but should likewise shew that he is still ready to perform it; for if he either will not, or through his negligence cannot perform the whole on his side, he has no claim in equity. See 2, Fon. 391.
It will be unnecessary to decide whether John Grundy can hold the 46 acres of land, by virtue of the conveyance from Lawrence or not, as the complainant has shewn no title to demand it. The will of Ford is not exhibited; we do not know, therefore, whether it was devised to him or not. As an executor simply, he has no claim to the real estate.
Decree reversed with directions to dismiss the bill.